IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| BERNARD MANAGEMENT, § | |
| PLAINTIFF, § | |
| § | |
| V. § | CIVIL CASE NO. 3:24-CV-2708-E-BK |
| § | |
| MICHEALA NICOLE ABOR, ET AL., § | |
| DEFENDANTS. § | |

FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to 28 U.S.C. § 636(b) and *Special Order 3*, this *pro se* action was referred to the United States magistrate judge for case management, including the entry of findings and a recommended disposition where appropriate. Defendants Micheala Abor and CL Abor (collectively, "the Abors") filed a *pro se* notice of removal along with a motion to consolidate, paying the filing fee. Doc. 3; Doc. 4. However, upon review of the relevant pleadings and applicable law, this action should be **REMANDED** *sua sponte* for lack of subject matter jurisdiction.

**I. BACKGROUND**

Plaintiff Bernard Management filed an eviction petition against the Abors in Justice of the Peace Court, Precinct 2, Kaufman County, Texas, case number EVR-24-180*2. Doc. 3 at 2. On September 25, 2024, judgment was entered in favor of Bernard Management and the Abors appealed. Doc. 3 at 4; Doc. 3 at 2. That appeal is pending in Kaufman County Court at Law, case number 24C-214. Doc. 3 at 12.

As an initial matter, the Abor's notice of removal is procedurally deficient. In it, they state that they "will give written notice to Bernard Management and will file a copy with the

Clerk of the Kaufman County Court at Law, as required by 28 U.S.C. § 1446(d)." Doc. 3 at 2. Their notice of removal, however, does not include a copy of the original petition for eviction or the state court docket sheet, as required. Further, online county court records (of which this Court takes judicial notice) confirm that no notice of removal was filed in Kaufman County Court at Law case number 24C-214 (the pending action).[1] That notwithstanding, review of the notice reveals that this Court lacks subject matter jurisdiction and, thus, this action should be remanded *sua sponte*.[2]

**II. ANALYSIS**

The Court should always examine, *sua sponte*, if necessary, the threshold question of whether it has subject matter jurisdiction. *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999). "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c).

A defendant may remove a state court action if the action is one that could have originally been filed in federal court. *See* 28 U.S.C. § 1441(a). Unless otherwise provided by statute, federal court jurisdiction requires (1) a federal question arising under the Constitution, a federal law, or a treaty, *see* 28 U.S.C. § 1331, or (2) complete diversity of citizenship between adverse parties and at least $75,000 in controversy, *see* 28 U.S.C. § 1332. In addition, the removing party bears the burden of establishing jurisdiction. *Miller v. Diamond Shamrock Co.*,

---

[1] Docket sheets for Kaufman County Court at Law and the Justice of the Peace Court are available at https://portal-txkaufman.tylertech.cloud/Portal/Home/Dashboard/29 (last accessed on Oct. 31, 2024).

[2] Because jurisdiction is lacking, the Court need address the deficiencies in the Abors' *pro se* notice of removal and require compliance with the Court's filing requirements. The notice of removal does not comply with the requirements of 28 U.S.C. § 1446 for removal of a civil action and fails to provide the required documents set out in Local Civil Rule 81.1.

275 F.3d 414, 417 (5th Cir. 2001). "Under the well-pleaded complaint rule, 'a federal court has original or removal jurisdiction only if a federal question appears on the face of the plaintiff's well-pleaded complaint.'" *Gutierrez v. Flores*, 543 F.3d 248, 251-52 (5th Cir. 2008) (citation omitted). *See also Getty Oil Corp. v. Ins. Co. of N. Am.*, 841 F.2d 1254, 1259 (5th Cir. 1988) ("the basis upon which jurisdiction depends must be alleged affirmatively and distinctly and cannot be established argumentatively or by mere inference" (citation omitted)).

The Court liberally construes the notice of removal with all possible deference due *pro se* litigants. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (noting *pro se* pleadings "must be held to less stringent standards than formal pleadings drafted by lawyers"); *Cf.* FED. R. CIV. P. 8(e) ("Pleadings must be construed so as to do justice."). Even under this most liberal construction, however, the Abors fail to point to anything *in the county court plaintiff's original petition* that could be construed to support federal question or diversity jurisdiction. And, their vague allegations of "violations of federal housing laws" and "[c]onstitutional due process violations regarding improper service of process" *in the notice of removal* are of no moment. Doc. 3 at 2. Also irrelevant to the issue of jurisdiction is their claim that a pending foreclosure action in this Court's Case Number 3:24-CV-2205-B-BW is related and "will determine the legitimate ownership rights of the subject property and directly impacts the current eviction proceeding." Doc. 3 at 2.

To support removal under §1331, the party asserting federal jurisdiction "must locate [its] basis … in those allegations necessary to support the plaintiff's claim." *Carpenter v. Wichita Falls Indep. Sch. Dist.*, 44 F.3d 362, 366 (5th Cir. 1995), *abrogated on other grounds by Rivet v. Regions Bank of La.*, 522 U.S. 470, 473 (1998). And those allegations must be present at the time of removal. *See Metro Ford Truck Sales, Inc. v. Ford Motor Co.*, 145 F.3d 320, 326-27

(5th Cir. 1998) ("When an action is brought to federal court through the § 1441 mechanism, for both removal and original jurisdiction, the federal question must be presented by plaintiff's complaint as it stands at the time the petition for removal is filed and the case seeks entry into the federal system. It is insufficient that a federal question has been raised as a matter of defense or as a counterclaim." (cleaned up)).

As stated *supra*, the Abors' notice of removal does not include a copy of the original petition for eviction or the state court docket sheet. Nor does the notice of removal allege facts from which the Court may infer that a federal claim was apparent in the original petition for eviction. Moreover, if the Abors assert defenses based in federal law, they cannot by themselves support subject matter jurisdiction. "[A] case may *not* be removed to federal court on the basis of a federal defense . . . even if the defense is anticipated in the plaintiff's complaint, and even if both parties concede that the federal defense is the only question truly at issue." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 393 (1987) (emphasis in original); *see also Merrell Dow Pharms. Inc. v. Thompson*, 478 U.S. 804, 808 (1986) ("A defense that raises a federal question is inadequate to confer federal jurisdiction." (citation omitted).

It is also clear from the Abors' filings that there is no jurisdiction based on diversity of the parties. The notice of removal confirms that Plaintiff and the Abors are citizen of the State of Texas. Doc. 3 at 4-5. *See Corfield v. Dallas Glen Hills LP*, 355 F.3d 853, 857 (5th Cir. 2003) (concluding district court cannot exercise diversity jurisdiction if the plaintiff shares the same state of citizenship as any one of the defendants). In any event, removal is improper here because the Abors, as defendants, are both Texas citizens. *See* 28 U.S.C. § 1441(b)(2) ("A civil action otherwise removable solely on the basis of the jurisdiction under section 1332(a) of this

title may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought.").

In sum, the Abors have failed in their burden to establish that this Court had jurisdiction over the county eviction action at the time of removal. Accordingly, this case should be remanded to state court.

### III. CONCLUSION

This action should be **REMANDED** *sua sponte* for lack of jurisdiction to the Kaufman County Court at Law, Case No. 24C-214.

**SO RECOMMENDED** on November 1, 2024.

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND
NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). An objection must identify the finding or recommendation to which objection is made, the basis for the objection, and the place in the magistrate judge's report and recommendation the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to object to 14 days).